# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES D. KEOPPEN, JR.,**

        **Plaintiff,**

**-vs-**                                                      **Case No. 6:12-cv-4-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Supplemental Security Income. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and the matter is REMANDED** for additional proceedings.

## Procedural History

Plaintiff protectively filed an application for Supplemental Security Income on May 22, 2009 (R. 149, 164). The claim was denied initially and upon reconsideration (R. 66-68, 70-79, 83-84), and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 85, 23-60). The ALJ issued an unfavorable decision on May 6, 2011 (R. 9-22). The Appeals Council declined Plaintiff's request for review (R. 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff filed his Complaint for review in this Court (Doc. 1), and the parties consented to the jurisdiction of the United States Magistrate Judge. The matter is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to a back and knee impairment (R. 169) and "extreme pain all the time." (R. 240).

*Summary of Evidence*

Plaintiff was 42 years old at the time of the hearing (R. 28), with a high school education and some post high school training (R. 29-30, 173) and past relevant work experience as a chef, carpenter and construction supervisor (R. 52, 170).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony, the testimony of a Vocational Expert, written forms and reports completed by Plaintiff and his fiancé, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the severe impairments of: lumbar degenerative disc disease; status post surgery; status post knee surgery; cervical disorder; depressive disorder; and anxiety disorder (R. 14), and the record supports this uncontested finding. The ALJ found that Plaintiff's impairments either alone or in combination did not meet or medically equal the criteria of an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (R. 14-16), and found that Plaintiff had the residual functional capacity ("RFC") to perform "less than the full range of sedentary work." (R. 16). The ALJ determined that Plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently; could stand and/or walk for 2 hours out of an 8-hour workday and sit for 6 hours of an 8-hour workday; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but could never climb ladders, ropes or scaffolds (R. 16). Plaintiff "should avoid concentrated exposure to hazards" and was limited to performing simple, repetitive tasks. *Id.* The ALJ determined that Plaintiff was unable to perform past relevant work (R. 20), but, relying on the testimony of a Vocational Expert, found that Plaintiff could perform other jobs that exist in significant numbers in the national economy, and was therefore not disabled as of the date of the application (R 20-22).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises several issues for review, contending that: 1) the RFC finding is not supported by substantial evidence; 2) the hypothetical presented to the Vocational Expert was improper and unsupported; 3) the ALJ did not properly apply the pain standard; and 4) the credibility finding was not adequately supported. While the Court does not agree with all of these contentions, error is nonetheless present, and remand is warranted.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Here, the ALJ determined at Step 5 that Plaintiff could perform work in the national economy. The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Opinion Evidence and the RFC*

Plaintiff's first objection goes to the weight the ALJ gave to the medical opinion evidence in formulating the RFC.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See*

-4-

*Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

As summarized in the papers and in the ALJ's decision, Plaintiff has a long-standing back impairment which has resulted in pain and radiculopathy, despite surgical intervention which occurred well prior to the alleged onset date. In August 2007, Plaintiff underwent a lumbar spine MRI revealing degenerative changes at L4-5 and L5-S1 with moderate bilateral neural foraminal narrowing, worse at the exiting left L5-S1 level with an abnormal enhancement surrounding the exiting nerve root suggestive of scar tissue (R. 255). Treatment notes around the onset date show that Plaintiff presented to his primary care physician with complaints of back pain. Objective findings of tenderness and swelling were noted and Roxicodone was prescribed (R. 259-267).

On July 29, 2009, the Social Security Administration referred Plaintiff to Dr. Alex Perdomo for a physical consultative examination (R. 276-277). Plaintiff presented complaining of "severe constant lower back pain with radiation into both lower extremities, associated with numbness and

tingling sensation." *Id.* Dr. Perdomo noted that Plaintiff was observed walking down the hall without any difficulties, did not require an assistive device for ambulation, and was able to sit comfortably during the examination and get on and off the examination table without any problems. On examination, however, Dr. Perdomo noted a decreased range of motion in the cervical spine, and a "significantly decreased" forward and lateral flexion of the thoracolumbar spine with very slow and painful movements. *Id.* Additionally, positive bilateral straight leg raise was obtained in both supine and sitting positions. Plaintiff was found to be neurologically intact, with normal grip strength, coordination, and station. *Id.* Dr. Perdomo assessed Plaintiff with a history of chronic neck pain with mild musculoskeletal functional limitations on physical examination; history of chronic lower back pain with severe musculoskeletal functional limitations on physical examination and bilateral lower extremity radiculopathy; status-post lumbar laminectomy and fusion; and anxiety, depression and insomnia. *Id.* Dr. Perdomo concluded that Plaintiff would "benefit from more aggressive physical therapy and home exercise program for back conditioning, as well as a referral to a pain management specialist for more aggressive pain management control." *Id.* Additionally, he opined that Plaintiff could "stand, walk, and sit for 3 to 4 hours in an eight-hour workday with normal breaks" and could lift no more than 20 pounds. It was indicated that he "should also avoid repetitive bending, stooping, or crouching." *Id.* The ALJ gave this opinion "some weight." (R. 18).

The following month, Plaintiff returned to his primary care physician, complaining of increased back pain radiating into his legs and breakthrough pain (R. 278). He was prescribed an increased dosage of Oxycodone, and was, as Dr. Perdomo had suggested, referred to pain management (R. 278).

On November 10, 2009, Plaintiff presented to Dr. Rica S. Bogdany, M.D., at the Pain Care Place of Central Florida (R. 332-339). Upon the initial few visits, Dr. Bogdany noted reduction in Plaintiff's range of motion, tenderness and spasms, as well as an altered gait (R. 333). Plaintiff was

prescribed significant amounts of pain medications, including Methadone, Soma, and Roxycodone. On February 2, 2010, Plaintiff reported that he had fallen twice due to lower extremity pain (R. 326). On examination, it was noted that he ambulated with a cane. Dr. Bogdany assessed Plaintiff with Generalized Myofascial Pain Syndrome, Spasms, and Degenerative Disc Disease. *Id.*

The treatment notes reflect that Plaintiff treated with Dr. Bogdany about every month for well over a year (R. 326-330, 388-409, 426-436, 447-455).  During this time, Plaintiff continued to complain of pain in varying degrees, and Dr. Bogdany observed and noted objective signs of his difficulties. (*See, e.g.,* various notations of "limp/stiffness and discomfort notable," "antalgia," "limp/stiff").  There was reduced range of motion noted frequently (R. 408, 445, 443, 422, *see also* "shoulder ROM 2 [degrees]" R. 437), and Plaintiff's continued reliance on a cane was often observed. The diagnoses expanded over time to include failed back surgery syndrome and failed knee surgery syndrome (R. 430-31, 447, 449-450, 431), new onset sciatica (R. 445, 443), and subacute bursitis in the shoulder (R. 437).  On June 30, 2011, the pain management physician assessed Severe Generalized Myofascial Pain Syndrome (R. 424).[1]

David Gutman, M. D., a state agency physician, reviewed Plaintiff's medical records on March 10, 2010 (R. 341-347). Dr. Gutman opined that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently; could stand and/or walk at least 2 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday; and could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl (R. 342). The ALJ gave this opinion "significant weight." (R. 18).

Plaintiff contends that the ALJ erred in only giving "some weight" to the opinion of the consultative physician while fully crediting the opinion of the non-examining consultant. Elsewhere in the brief, Plaintiff also objects to the ALJ's findings with respect to Plaintiff's pain as being inconsistent with the findings of his treating pain specialist (Doc. 19 at 17).   Although Plaintiff

---

[1]This evidence was dated after the date of the ALJ's decision, but was presented to the Appeals Council.

focuses on the weight given the opinions of the consultative and non-examining physicians, the Court finds the most significant error in the evaluation of the opinion of Plaintiff's treating provider.

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). As noted, Plaintiff treated with a physician *specializing in pain management* for well over a year and the treatment notes are replete with "symptoms" and "diagnoses" that have been all but ignored by the ALJ. For example, although Plaintiff was repeatedly assessed with Generalized Myofascial Pain Syndrome, this primary diagnosis does not even appear in the ALJ's decision. Nor is there any discussion of the numerous pain medications prescribed by this doctor, which certainly reflects a judgment about the severity of the impairment.

Although the ALJ rejects the "lifestyle" limitations Dr. Bogdany assessed on Plaintiff's first visit as being "not at all consistent" with the *prior* medical evidence (R. 18), there is no evaluation of the *subsequent* treatment notes, which reflect objective findings, new diagnoses, and an aggressive course of treatment.[2] As Plaintiff observes, "it was apparent to Dr. Bogdany that Mr. Keoppen suffered from significant pain, and it was noted in those records that this pain interfered with his activities of daily living." (Doc. 19 at p. 17). Indeed, even the consultative physician acknowledged the need for a pain specialist and "more aggressive pain control." The failure to properly evaluate these progress notes and weigh Dr. Bogdany's implicit opinions under *Winschel* warrants a remand.

---

[2]Although the ALJ briefly summarizes some of the notes in his decision (R. 18), he does not evaluate them or state what weight is given.

Additionally, the ALJ's reliance on the opinion of Dr. Gutman and the partial crediting of Dr. Perdomo's opinion must also be revisited. Dr. Gutman issued his opinion in March 2010, and he reviewed only the treatment notes in existence at that time. Plaintiff, however, continued to treat with his specialist past the date of the May 2011 decision. As Dr. Gutman did not review the subsequent 13 plus months of treatment notes, his opinion cannot be substantial evidence of Plaintiff's condition at the time of the administrative decision. As for Dr. Perdomo, the granting of "some weight" to his opinions, without clarifying which portions of the opinion were not credited, makes review impossible. Upon remand, all of the medical evidence and opinions should be more fully evaluated and the findings clarified.[3]

Because the ALJ failed to adequately evaluate all of the medical opinions of record, the additional objections raised by Plaintiff are moot.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and was not made in accordance with proper legal standards. As such, the decision is **REVERSED and the matter is REMANDED** under sentence four of 42 U.S.C. § 405(g), with instructions to fully evaluate, consider and explain the weight given to each of the medical opinions, and conduct any additional proceedings deemed appropriate. **The Clerk is directed to enter judgment accordingly, and close the file.**

**DONE** and **ORDERED** in Orlando, Florida on, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[3] To be clear, the Court is not finding that the evidence compels a conclusion of disability. Rather, the Court holds only that the existing opinion cannot be sustained and review for additional findings is necessary. Upon remand, it is for the Commissioner to determine, upon a more fully developed record, whether Plaintiff meets the standard for disability.